UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MAHAD HUSSEIN ABDULLAHI,       CIVIL NO. 13-01280 (JNE/JSM)

    Petitioner,

v.       REPORT AND RECOMMENDATION

U.S. DEPARTMENT OF
HOMELAND SECURITY, I.C.E.,

    Respondent.

JANIE S. MAYERON, U.S. Magistrate Judge

This matter is before the undersigned Magistrate Judge of the District Court on Mahad Hussein Abdullahi's Writ of Habeas Corpus [Docket No. 1]. He is seeking writ of habeas corpus that will free him from his confinement by the United States Immigration and Customs Enforcement.

The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On or about December 25, 1995, Petitioner Mahad Hussein Abdullahi ("Abdullahi") entered the United States at Laredo, Texas without inspection or parole. See Declaration of Deportation Officer Kenneth W. Olson [Docket No. 4] ("Olson Decl."), ¶2.

On August 1, 1996, an Immigration Judge granted Abdullahi asylee status. Id., ¶3. At no time in the intervening years did Abdullahi adjust his immigration status to that of a lawful permanent resident. Id., Ex. 1, p. 2 (Record of Deportable/Inadmissible Alien).

On June 15, 2006, Abdullahi was convicted of felony First Degree Burglary in District Court Hennepin County in violation of Minn. Stat. § 609.582, subd. 1(c). Id. Abdullahi was sentenced to 48 months confinement as a result of that conviction. Id.

On October 16, 2012, Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") took Abdullahi into custody because of his criminal conviction. Id., Ex. 1, p. 1. Abdullahi was placed in removal proceedings at that time. Id.

On November 19, 2012, Immigration Judge William J. Nickerson, Jr. ordered Abdullahi removed from the United States to Somalia. Id., Ex. 3 (Order of the Immigration Judge dated Nov. 19, 2012). Because Abdullahi did not reserve appeal on the decision, the removal order became final at that time. Id. Based on the Final Order of Removal, ICE issued a Warrant of Removal/Deportation on the same day. Id., Ex. 4 (Warrant of Removal/Deportation).

On February 12, 2013, ICE reviewed Abdullahi's detention and issued a decision to continue Abdullahi's custody because removal was expected in the reasonably foreseeable future. Id., Ex. 5 (Decision to Continue Detention).

On May 23, 2013, ICE Headquarters Post Custody Review Unit ("HQPOCRU") conducted a review of Abdullahi's custody and ordered continued detention based on the likelihood of removal. Id., Ex. 6 (Decision to Continue Detention).

On May 29, 2013, Abdullahi filed a Petition for Writ of Habeas Corpus in the present action, seeking release pending his deportation. See Docket No. 1. On May 31, 2013, this Court issued an Order [Docket 2] directing Respondent to prepare and file a written response to Abdullahi's habeas corpus petition within 30 days after the date of the order.

On July 1, 2013, respondent filed its response to the Order arguing that continued detention was appropriate because removal to Somalia was imminent. See Respondent's' Return to Petition for Writ of Habeas Corpus and Order to Show Cause, p. 4–5 [Docket No. 3].

On July 11, 2013, Abdullahi submitted a reply brief asserting that Respondent had failed to show that removal to Somalia was unlikely in the reasonably foreseeable future. See Petitioner Reply Brief [Docket No. 6].

On August 19, 2013, HQPOCRU Chief Walter M. Ingram reviewed Abdullahi's detention. Request for Relief [Docket 7], Ex. 1, p. 1. ICE continued detention based on its belief that removal to Somalia was expected to occur in the reasonably foreseeable future. Id.

On September 3, 2013, Abdullahi asked this Court for relief stating that Respondent had not satisfied its burden of showing that Abdullahi was likely to be removed in the reasonably foreseeable future. Letter from Mahad Hussein Abdullahi Requesting Relief [Docket 7], p. 2.

On October 21, 2013, ICE released Abdullahi from custody pending removal from the United States and subject to an Order of Supervision. See Declaration of Kenneth W. Olson [Docket 9], p. 2. On November 14, 2013, Respondent filed a Supplemental Response to Petition for Writ of Habeas Corpus requesting that the Court dismiss the Petition as moot because the Petitioner was no longer in custody. See Docket 8.

## II.  DISCUSSION

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case lose their life . . . and a federal court can no longer grant effective relief, the case is considered moot." Id. (internal quotations omitted). When a Petitioner has been released from custody pending his deportation, he has received all the relief he has requested, making his Petition moot. See Ali v. Cangemi, 419 F.3d 722, 724 (8th Cir. 2005) (reversing and vacating the judgment of the district court, remanding the case to the district court, and instructing the district court to dismiss, without prejudice, the application for a writ of habeas corpus as moot). Therefore, given that Abdullahi has been released from custody, his Petition should be dismissed without prejudice as moot.

## III.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that: Mahad Hussein Abdullahi's Writ of Habeas Corpus [Docket No. 1] be **DISMISSED WITHOUT PREJUDICE** as moot.

Dated:    March 3, 2014                    s/ *Janie S. Mayeron*
                                           JANIE S. MAYERON
                                           United States Magistrate Judge

4

## NOTICE

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 17, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.